IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEE HOLDEN PARKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 05-143-WDS |
| | ) |
| **JOHN EVANS, COLLEEN RENNISON,** | ) |
| **LT. WILLIAMS and C/O HILL,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint (Doc. 1) was filed against John Evans and Colleen Rennison. He later filed a motion to amend (Doc. 6), which was granted. The text of that motion to amend included the proposed amended complaint, and the Court then construed that motion as the actual amended complaint. Currently pending is a motion seeking permission to exceed a two-page limitation with his amended complaint (Doc. 11). Because the Court has already granted leave to file an amended complaint, this motion is **DENIED** as moot.

This case is now before the Court for a preliminary review of that amended complaint (Doc. 14) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims

>   or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief
>   may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such
>   relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## ACCESS TO COURTS (COUNTS 1 AND 2)

Sometime in 2004, Plaintiff prepared a lawsuit against 46 individuals in the I.D.O.C., which he wished to file in federal court; that lawsuit purportedly sought certification as a class action and alleged a vast conspiracy of financial corruption, inmate abuse, and violation of inmates' constitutional rights.[1] That lawsuit was more than 15 pages long, containing 35 separate counts; it was supported by 334 pages of exhibits. Plaintiff asked Rennison to make numerous copies of that lawsuit for him for filing (one copy for each named defendant), but she refused make that many

---

[1] In the original complaint (Doc. 1), Plaintiff makes reference to another case filed in this District. *See Parker v. Evans*, Case No. 05-cv-044-JPG (S.D. Ill., filed Jan. 24, 2005). Reviewing the record of that case, the Court notes the following: On January 19, 2005, Parker mailed a letter to the Clerk of Court, accompanied by five pages of a complaint, a two-page motion seeking leave to file a complaint in excess of 15 pages, several exhibits, a motion to proceed *in forma pauperis*, and a motion for appointment of counsel. The letter explained to the Clerk that he was seeking advice and verification of court policy regarding exhibits and copies. Not surprisingly, a new lawsuit was opened on January 24, which Plaintiff received notice of on January 26. He immediately sent a letter protesting said action, claiming that he had not intended to file a lawsuit at that time, and that the Deputy Clerk had no reason to think that he was attempting to file a lawsuit. However, as explained to Plaintiff in an order dated February 23, 2005, "when the Clerk of Court receives a complaint (especially when accompanied by motions to proceed *in forma pauperis* and to appoint counsel) it will be docketed as a law suit." Plaintiff subsequently sought voluntary dismissal of that action, which was granted. He later sought return of his original pleadings, but that request was denied. He was advised that original pleadings were part of the court record that could not be returned; instead, the Clerk was directed to provide him with a complete copy of the complaint and exhibits that had been filed. The Court believes that these documents are part of that proposed lawsuit that is the subject of this claim.

copies of such a massive document. As stated in the complaint and supported by the exhibits, Rennison contacted the Clerk to verify policy regarding filing of prisoner complaints. She was advised that exhibits, grievances, and case law were unnecessary; all that need be filed is the original complaint and one copy, and a page limit of 15 pages was suggested. In a memo dated January 8, 2005, she advised Plaintiff of this information, telling him to organize just his complaint; she would then make two copies of that complaint for him (Doc. 14, Exhibit L, p.1).[2]

Plaintiff alleges that Rennison's refusal to make his requested copies was done in violation of his right of access to the courts, and that Evans sanctioned her actions by ignoring Plaintiff's complaints and grievances about this matter. He also alleges that Williams did a shake-down of his cell and confiscated his master copy of that complaint and the exhibits; those documents have yet to be recovered, and thus he has been unable to proceed with that action.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036,

---

[2] Plaintiff construes Rennison's statements as telling him that the Clerk would not accept his complaint if it were over 15 pages, but that is not what her memo said. Further, as explained to him by Rennison in a prior memo dated September 22, 2004 (Doc. 14, Exhibit L, p. 9), "the Court grants pro'se litigants a wide latitude in the handling of their lawsuits. The court will not refuse to accept your legal work."

1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 1002 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603.

Based on the allegations in the amended complaint, the Court is unable to dismiss this claim at this point in the litigation. *See* 28 U.S.C. § 1915A.

**DISCIPLINARY ACTION (COUNT 3)**

On March 31, 2005, Defendant Hill did a shake-down of Plaintiff's cell. Hill found chunks of apple fermenting in fruit juice, so he wrote a disciplinary ticket charging Plaintiff with possession of alcohol. Plaintiff was found guilty; he was punished with six months in segregation, the revocation of six months of good conduct credit, six months reduction to C-grade, loss of contact visits for six months and transfer to a higher-level security.

This claim is a challenge to disciplinary proceedings that resulted in the loss of good time credit as well as time in disciplinary segregation. The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981).

*See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*., to consider the merits of Plaintiff's claim. Plaintiff must exhaust his state court remedies before bringing his claims to federal court. Accordingly, Plaintiff's claim regarding this disciplinary proceeding is dismissed from this action without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 3** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Defendant **HILL** is **DISMISSED** from this action with prejudice, as no other claims are pending against him..

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendant **WILLIAMS** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **ONE (1)** USM-285 form with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**[3]

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **EVANS, RENNISON** and **WILLIAMS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **EVANS, RENNISON** and **WILLIAMS** in the

---

[3] USM-285 forms are already in the file for Rennison and Evans.

manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the amended complaint (Doc. 14), applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in

accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: August 10, 2006**

             **s/ WILLIAM D. STIEHL**
             **DISTRICT JUDGE**