IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEE HOLDEN PARKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 05-143-WDS |
| | ) |
| **JOHN EVANS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This action is before the Court to rule on Plaintiff's motion for reconsideration (Doc. 18). Technically, a "Motion for Reconsideration" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order in question (Doc. 15) was entered in this action on August 10, 2006, and the instant motion was filed on August 23, within the 10-day period. *See* FED.R.CIV.P. 59(e). Therefore, under *Deutsch*, the Court will construe the instant motion as a motion to alter or amend

judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Plaintiff's initial arguments involve semantics – he takes issue with language used by the Court to describe and characterize his claims. He first claims that the Court misstated Rennison's memos regarding her communications with the Clerk about format, content and length of a complaint. He next takes issue with the footnote on page 2 describing a prior case that was filed in error, but the precise point of this argument is unclear. He then argues that the Court neglected to mention the length of time over which Rennison stonewalled him for copies, and he is upset that the Court characterized his unfiled complaint as a "massive document."[1] None of these arguments warrants relief under Rule 59(e), particularly because the claims against Rennison were *not* dismissed. Further, the Court's order was not intended to reiterate every single allegation contained in the amended complaint; the Court only noted some of the more pertinent allegations for purposes of explaining why the claim survived review under 28 U.S.C. § 1915A.

Plaintiff's argument regarding the dismissal of Hill has more substantive teeth. That claim was dismissed because it involved a disciplinary action resulting in the loss of good conduct credit. Because such a claim must be pursued in habeas corpus, the claim was dismissed without prejudice. In his instant motion, Plaintiff points out that he is serving two concurrent sentences of natural life without parole; therefore, the length of his sentence is not affected by the revocation of good conduct

---

[1] The Court stands by this characterization: a complaint more than 15 pages long and supported by 334 pages of exhibits is a massive document for copying in the prison library.

credit. Plaintiff is correct on that point. According to Plaintiff, the critical punishment was six months in segregation, but this argument does not save the claim against Hill.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population *only* if the conditions under which he is confined are *substantially more restrictive* than administrative segregation at the *most secure prison* in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for six months. Nothing in the complaint or exhibits suggests that the conditions he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the

most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim against Hill is without merit, and the claim is now dismissed *with prejudice*.

In summary, upon review of the record as discussed above, the Court remains persuaded that its ruling (Doc. 15) was correct. Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 5, 2006.**

                                          **s/ WILLIAM D. STIEHL**
                                               **DISTRICT JUDGE**