# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEE HOLDEN PARKER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 05-CV-143-WDS |
| JOHN EVANS, COLLEEN RENNISON, and RONALD WILLIAMS, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is a Report and Recommendation of United States Magistrate Judge Clifford J. Proud that defendants' Evans and Williams motion for summary judgment be granted (Doc. 74). The Magistrate Judge further recommends that plaintiff's motion for default as to defendant Rennison (Doc. 73) be granted. The plaintiff has filed objections to the recommendation as it applies to the motion for summary judgment (Doc. 75 and 76) therefore, the Court will make a de novo review of those portions of the record to which objections were made. 28 U.S.C. § 636(b)(1).

The plaintiff is an inmate in the custody of the Illinois Department of Corrections and filed an amended complaint against defendants John Evans, Lt. Williams, and Colleen Rennison[1] seeking to recover for alleged violation of his rights to access to the Court (Counts 1 and 2). Plaintiff alleges that sometime in 2004 he prepared a lawsuit ("2004 action") against some 46 individuals of the IDOC, which he sought to file in federal court. The 2004 action sought

---

[1]Defendant Scott Hill was dismissed on August 10, 2006, as part of the Court's review under 28 U.S.C. § 1915A. In that order, the Court dismissed plaintiff's claim in Count 3 based upon his disciplinary action, therefore, dismissing his only claim against Hill (*See*, Doc. 15).

certification as a class action, claiming financial corruption, inmate abuse, and violations of inmates' constitutional rights. It was, according to the record, some 173 pages long with 334 pages of exhibits, and comprised of 35 separate counts. Plaintiff alleges in this action that in 2004 he asked defendant Rennison to make copies of that lawsuit for him (she is the librarian at Pinckneyville Correctional Center) and that she refused to make the copies he requested. He also alleges that defendant Evans, the Warden, conspired with her to violate his constitutional rights and, effectively, sanctioned her actions by failing to respond to plaintiff's grievances filed against Rennison, and, finally, that defendant Williams confiscated the master copy of his complaint and exhibits as part of a shake-down of plaintiff's cell. Plaintiff alleges that those documents have never been recovered.[2]

## **ANALYSIS**

A district court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c): *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating that judgment should be granted as a matter of law. *See, Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1999) (citing *Celotex*, 477 U.S. at 323). Once a motion for summary judgment

---

[2]As the Court noted in its Order of August 10, 2006, plaintiff did, however, file a lawsuit in this District over his 2004 action claims that apparently included at least some of these same documents in his lawsuit *Parker v. IDOC*, 05-CV-44-JPG. Plaintiff later moved for voluntary dismissal of that action which was granted (See. Doc. 9). Plaintiff sought return of the original documents, which was denied by the Court, but he was provided with copies of all filings (See. Doc. 13).

2

has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. *See, id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, the Court will not resolve factual disputes, weigh conflicting evidence, or make credibility determinations. *See, Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001); *Miranda v. Wisconsin Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir. 1996).

**DISCUSSION**

1. Issues Related to the Copying of Plaintiff's Complaint.

A. Claims against Rennison

There is a two-part test to determine if prison administrators have violated an inmate's right of access to the courts. First, the prisoner must show that the officials, "failed to assist in the preparation and filing of meaningful legal papers by providing prisoner with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). Second, the prisoner must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or dely of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268.

The Court has reviewed the record in this case and **FINDS** that plaintiff's objections with respect to the magistrate's recommendation on this point are without merit. Plaintiff's cause of action is based on his claim that defendant Rennison acted to interfere with his right of access to

the courts when she did not assist him in copying the complaint and exhibits for his 2004 action in accordance with his demands, and that defendant Evans conspired with her by failing to timely and properly deal with his grievances related to those claims. Specifically, plaintiff asserts that Rennison would not do the following:

1. Make copies of the 173 page complaint and 334 pages of exhibits for all 46 named defendants;
2. Reduce 84 pages of exhibit materials that were on legal size paper to letter sized paper for purposes of filing;
3. Supply him with service of process, USM-285 forms and attach them to the copied complaint; and
4. Bind the copies of the complaint on the left margin side.

The magistrate judge details, at length, the record which establishes that the plaintiff's claims that Rennison's actions in response to his copying demands amounted to a denial of meaningful access to the courts are without merit. The plaintiff's demands with respect to copying his complaint, which Rennison did not meet, were based on plaintiff's erroneous reading of the rules of the district court. As the magistrate noted, Rennison properly advised the plaintiff that he did not need to bind the complaint for filing in the district court (that rule applies in the Court of Appeals); that the Marshals service forms were to be obtained from the Clerk of the Court, not from the librarian; that as a pro se litigant he did not need to have copies of the complaint for each defendant; and that he did not have to have his legal paper exhibits reduced to letter sized paper in order for these matters to be made a part of the record.[3] In his objection, plaintiff continues to assert that Rennison "confounded" his efforts to have his complaint copied.

---

[3]In fact, exhibits are not routinely made a part of the record as part of the initial pleading, i.e. the complaint. Moreover, Local Rule 5.1(b) provides: General Format of Papers Presented for Filing**:** All pleadings, motions, documents, and other papers presented for filing shall be on 8½" x 11" white paper of good quality, flat and unfolded, and shall be plainly typewritten, printed, or prepared by a clearly legible duplication process and double-spaced, except for quoted material. Each page shall be numbered consecutively. **This rule does not apply to: (1) exhibits submitted for filing** . . . (Emphasis added).

However, as the magistrate properly noted, there simply is not a constitutional right to have things xeroxed. *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983). Plaintiff admitted, at his deposition, that he had a copy of his complaint, and, put as simply as possible, he could have filed that copy with the district court and commenced his action. In light of this fact, there was no detrimental action by Rennison to plaintiff's ability to proceed with his litigation. Delay, itself, is not a detriment to plaintiff's ability to proceed with a cause of action pro se, nor is refusing to comply with his copying demands that were neither required for the filing of his complaint from a procedural standpoint, nor reflective of local rules governing pleading and filing requirements. *See, Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992). Therefore, the Court **FINDS** that the record does not support plaintiff's claim related to Rennison and plaintiff's access to the Courts.

The Magistrate Judge has recommended that in light of the fact that Rennison has not responded to the complaint, that the Court grant plaintiff's motion for default judgment and set this matter for trial as to plaintiff's damages for Rennison's actions. However, in light of the Court's findings, which are based on the magistrate's recommendations, the Court **REJECTS** that portion of the recommendation. The entry of default judgment is not automatic after default has been entered by the Clerk. *See, eg. Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court finds that it would an abuse of the Court's discretion to enter default judgment in this case against defendant Rennison, even though she has not filed responsive pleadings,[4] because

---

[4] The Court does not take lightly defendants who, once served, fail to file responsive pleadings. If there were evidence in the record which would support plaintiff's claim against this defendant, the Court would have entered default judgment in plaintiff's favor against her, however, there is simply nothing in this record which would give rise to liability of this defendant for denying plaintiff meaningful access to the courts, and plaintiff's claim against her must fail.

the Court's review of the record in this case reveals that plaintiff simply does not have evidence to sustain a cause of action against her. Therefore, the Court, *sua sponte* dismisses defendant Rennison from this cause of action. Fed. R. Civ. P. 21.

B. Defendant Evans.

Having found that plaintiff has failed to establish that defendant Rennison violated his constitutional rights, the Court also finds that Evans is entitled to summary judgment on this claim. The record shows that each time that the plaintiff filed a complaint against Rennison, Evans either forwarded it to the library staff for review, or Evans contacted the library staff to see that plaintiff's concerns were addressed. Evans filed a verified affidavit to this effect, and plaintiff, in response to the motion for summary judgment and to the Report and Recommendation, claims that the affidavit is a lie. Plaintiff's assertions to the contrary do not create an issue of material fact. Evans has specifically denied that he knew of or participated in any conspiracy to prevent the plaintiff from filing his lawsuit, and plaintiff has not shown any evidence to the contrary. Moreover, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [claimed constitutional] violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). A prisoner does not have a constitutional right to have a grievance addressed. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001). Therefore, the Court **ADOPTS** the recommendation of the magistrate judge, overrules plaintiff's objections and **GRANTS** summary judgment in favor of defendant John Evans, Warden and against plaintiff, Lee Holden Parker on his claims related to denial of meaningful access to the courts.

2. Claims against Defendant Williams

Defendant Williams has filed an affidavit in which he provides that he was not involved

in the shake-down of plaintiff's cell, and the retrieval of his property on March 14, 2005, the date plaintiff alleges his original documents were confiscated and lost. Plaintiff has asserted that Williams shook down his cell, but, testified at his deposition that he was not present when his cell was shaken down. Plaintiff claims that Williams said that he was going to shake down plaintiff's cells, but that is belied by Williams' verified affidavit. Absent something more in the record, the Court **FINDS** that plaintiff's claim against Williams simply cannot stand. Therefore, the Court **GRANTS** defendant Williams' motion for summary judgment on plaintiff's claim that he was denied access to the courts by Williams.

## CONCLUSION

Accordingly, the Court **ADOPTS** in part and **DENIES** in part the report and recommendation of the magistrate judge (Doc. 74). The Court **GRANTS** defendants' motion for summary judgment (Doc. 67), and judgment is entered in favor of defendants John Evans and Lt. Williams and against plaintiff Lee Holden Parker on all claims.

The Court **REJECTS** the recommendation of the magistrate judge as to defendant Rennison and sua sponte **DISMISSES** plaintiff's claims against defendant Colleen A. Rennison pursuant to Fed. R. Civ. P. 21 and **DENIES** plaintiff's motion for jury trial on default damages (Doc. 73).

**IT IS SO ORDERED.**

**DATE: 28 March, 2008**

                **s/ WILLIAM D. STIEHL**
                **District Judge**